IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CHARLES M. DUNCAN, and HATTIE B. DUNCAN, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| VS. | ) No. 1:15-cv-1238-JDB-egb ) |
| JACKSON ENERGY AUTHORITY, | ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

On September 23, 2015, the Plaintiffs Charles M. Duncan and Hattie B. Duncan, *pro se* litigants, filed a complaint against Jackson Energy Authority, alleging *inter alia,* that they were "placed under duress by the defendants (sic) threats of shut-off and suffered undue mental stress and mental anguish … in addition claimming (sic) Loss of Consortium brought about [by] the turn of events." The Plaintiffs seeks $500,000 in punitive damages[1].

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

Analysis

**A.  28 U.S.C. § 1915(e)(2) Screening**

---

[1] Plaintiffs do not seek compensatory damages, a common-law precondition to punitive damages. *See e.g., Tisdale v. Fed. Exp. Corp.,* 415 F.3d 516 (6th Cir. 2005).

1

Pursuant to Local Rule 4.1(b), service will not issue in a *pro se* case where the *pro se* plaintiffs have been granted leave to proceed in forma pauperis until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). The Clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

**B.   Standard of Review for Failure to State a Claim**

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin,

631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681, 129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

3

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827. Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F.

App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Under 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The complaint fails to identify which provision of the Constitution the defendant has allegedly violated, or state how any of the defendants allegedly violated Gregory's constitutional rights. Neither the Federal Rules of Civil Procedure nor the Federal Rules of Criminal Procedure provides the Duncans with any cause of action against the defendant.

**C. Jurisdiction**

While pro se pleadings are liberally construed and held to a less stringent standard than one drafted by an attorney, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are so totally

5

"implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). Allegations of this nature lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. The court must be satisfied of its own jurisdiction to hear the claims presented and may address the lack of jurisdiction at any time during the course of an action. Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir. 1998); Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir. 1992). Where subject-matter jurisdiction is found to be lacking, dismissal is required. Fed. R. Civ. P. 12(h)(3). Even construing the Duncans' complaint in the most liberal light, the court submits that the complaint must be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); *see also* Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized

by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction.  The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1.  Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").  Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises.  *See*, e.g., Ins. Corp. of Ireland, Ltd., 456 U.S. at 702 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *S*t. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte.").

According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different

States." Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also Johnson v. New York, 315 F. App'x 394, 395 (3d Cir. 2009) (per curiam); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (complaint did not properly allege diversity jurisdiction); Leys v. Lowe's Home Ctrs., Inc., 601 F. Supp. 2d 908, 912–13 (W.D. Mich. 2009) (complaint and notice of removal did not adequately establish diversity jurisdiction); Ellis v. Kaye-Kibbey, No. 1:07–cv–910, 2008 WL 2696891, at *2–3 (W.D. Mich. July 1, 2008) (dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1208 (3d ed.2004).

In the complaint, the Duncans do not claim that diversity jurisdiction exists, nor does they allege any facts to establish diversity jurisdiction. The Duncans are residents of Jackson, TN and "Jackson Energy Authority is a public utility created under a private act passed by the Tennessee Legislature." Jackson Energy

Authority, http://www.jaxenergy.com/about/(last visited June 16, 2016.

**D.   Recommendation**

Plaintiffs' claims against Defendant also appear to be "clearly baseless," "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 33.

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted, and as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i).

Respectfully Submitted this 28th day of June, 2016.

                                **s/Edward G. Bryant**
                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.   28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**